## RICHTER *v.* RILEY.

CERTIFICATES of purchase issued by the State Register for school land and certificates of location issued by the State Locating Agent are, under the Statute of April 13th, 1859, *prima facie* proof of legal title in the holder, and are admissible as evidence in his favor in an action of ejectment.

APPEAL from the Seventh Judicial District.

The facts are stated in the opinion of the Court.

*Whitman & Wells,* for Appellant.

I.   The certificate of purchase offered was evidence of title and should have been admitted.   (Stat. 1859, 227.)

II.   The certificate issued in conformity with the laws of the State of California and the laws of Congress.   (Stat. 1861, 218; Id. 1859, 33; Id. 1858, 248; Acts of Cong. 1853, Secs. 6, 7; Id. 1826, 1844, 1859; *Doll* v. *Meader,* 16 Cal. 295; *Van Valkenburgh* v. *McCloud,* 21 Id.)

III.   The State has a right to decide what shall constitute evidence of title between her citizens.   (*Ames* v. *Palmer,* 6 Cal. 8.)

*M. A. Wheaton,* for Respondent.

By no law of Congress did the title of the lands to be taken in lieu of sixteenth and thirty-sixth sections ever vest in the State. Such lands must be located in accordance with the rules of the General U. S. Land Office or they are not located under any statute of this State, and a certificate of purchase showing the lands were not so located would not be a certificate of purchase issued under any statute of this State or of the United States, and is not *prima facie* evidence of title.   (Stat. 1861, Sec. 4; Surv. Gen. Comp. 31.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of land. . The case was tried by the Court, who found for the defendant, and judgment was rendered accordingly, from which the plaintiff appeals.

The plaintiff introduced on the trial, in support of his title, a *certificate of purchase* for the premises in controversy, issued by the Register of the State Land Office, bearing date the twenty-sixth day of November, 1861, for State school land.   He also introduced in connection therewith, a *certificate of location* issued by the State Locating Agent, bearing date July 6th, 1861, and approved by the

Surveyor-General of this State, October 1st, 1861, by which it appears that the tract located by the plaintiff was taken in lieu of a certain other half section of public land which had been preëmpted, and that the location was made under the law of this State approved April 22, 1861. (Stat. 1861, 218.) The defendant objected to the introduction of these papers, and they were ruled out by the Court; and this is now assigned as error.

On the thirteenth day of April, 1859 (Stat. of 1859, 227), the Legislature passed the following law : " The certificate of purchase, or of location of any lands in this State, issued or made in pursuance of any of the laws of the United States, or of this State, shall be deemed *prima facie* evidence of legal title in the holder of said certificate of purchase or location, or his assignees." The certificate of location and purchase offered in this case, were issued in pursuance of a law of this State, and were, therefore, *prima facie* evidence of legal title in the plaintiff. The Court, therefore, erred in ruling them out. The statute makes these certificates *prima facie*, not conclusive, evidence of title, and it therefore leaves them open to be attacked by any proper proof showing their invalidity. The burden of proof, however, is upon those contesting them.

The judgment is reversed and the cause remanded.